**R. L. E. COOK**

v.

**The KULJIAN CORPORATION and Damodar Valley Corporation.**

No. 19029.

United States District Court
E. D. Pennsylvania.

Oct. 8, 1962.

See also 201 F.Supp. 531.

William N. J. McGinniss, Ardmore, Pa., for plaintiff.

Walter J. Collins Jr., David F. Maxwell, Philadelphia, Pa., for The Kuljian Corp., defendant.

KRAFT, District Judge.

This case came before us on defendant Kuljian's motion to dismiss the amended complaint, or, in the alternative, to stay the suit until plaintiff proceeds to arbitration, in accordance with the provisions of the two contracts involved.

We reached the conclusion that the law of India governs the question whether the arbitration provisions of the contracts are binding. In the course of our opinion, we stated:

> "Kuljian refers to portions of the Indian Arbitration Act of 1940, which appear to establish the enforceability of arbitration agreements. However, we think Cook is entitled to be heard on that question if he so desires."

We ordered that Kuljian's motion "to stay this suit pending arbitration is granted, unless within fifty (50) days of the filing of this order plaintiff shall order the case for hearing, as indicated in the foregoing opinion."

A hearing was had. Kuljian introduced into evidence "The Arbitration Act, 1940", of the Republic of India. Both sides submitted oral and written arguments.

We are satisfied, after careful study of the Indian Arbitration Act, that the arbitration provisions of the contracts are valid and binding under that Act, and that Kuljian is entitled to the relief sought. Accordingly, we enter the following

### ORDER

NOW, September 28, 1962, it is ordered that the motion of defendant Kuljian to stay the suit pending arbitration is granted, and suit is hereby stayed.